FILED

MAY 26 2017

SUSAN Y. SOONG
CLERK. U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

J. ROE
3126 Shattuck Avenue
Berkeley, California 94705
Telephone: (510) 540-0878

Pro Se *Plaintiff*

DMR

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

C17- 3070

J. ROE,

    Plaintiff(s),

  vs.

CITY OF ALBANY; ALBANY POLICE
DEPARTMENT; PENELOPE CRUMPLEY,
individually and in her official capacity as
City Manager for the City of Albany; and
MIKE MCQUISTON, individually and in his
official capacity as Police Chief for the City
of Albany; and MR. T. DOLTER (Badge No.
7), MR. J. KURLAND (Badge No. 21), MR.
S. SCHOENFELD, individually and in their
official capacity as Albany Public Officials or
Albany Police Officers; and DOES 1-100,
inclusive;

    Defendant(s).

Case Number: _____

**CIVIL RIGHTS COMPLAINT FOR
DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF**

**42 U.S.C. § 1983**

**Jury Trial Demanded**

## I.  <u>INTRODUCTION</u>

1.  Plaintiff's, Ms. J. ROE ("Ms. J." and/or "Plaintiff"), brings this civil action against Defendant, the City of Albany ("City" and/or "Defendant"), under the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution; Section 1557 of the ACA, 42 U.S.C. § 18116; Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, and its implementing regulations, 42 U.S.C. §§ 1981, 1982, 1983 and 1986; as well as the ADA; The Voting Rights Act of 1965; Article 1, §§ 7(a) and 13 of the California Constitution; California

CHAMBERS

1    Civil Code §§ 51.7 and 52.1; California Government Code §§ 11135 and 11139; and the

2    California Common Law and accompany state law.

3        2.      The City of Albany, through its agents, its employees, and the Albany Police

4    Department ("APD"), and persons and parties acting on its behalf, have engaged in an ongoing

5    pattern or practice of conduct, including discrimination, that deprives persons of rights,

6    privileges and immunities secured and protected by the United States Constitution and federal

7    law. Albany law enforcement, and persons acting on its behalf have conduct stops, searches, and

8    detentions without legal justification, in violation of the Fourth Amendment; use excessive force,

9    in violation of the Fourth Amendment; interfere with the right to free expression, in violation of

10    the First Amendment; prosecute and resolve municipal charges in a manner that violates due

11    process and equal protection guarantees of the Fourteenth Amendment; and discriminate against

12    African Americans in violation of the Fourteenth Amendment and federal statutory law, to name

13    some.

14        3.      Defendant's violation of constitutional and statutory rights, based in part on

15    prioritizing the misuse of law enforcement authority as a means to discriminate against plaintiff's

16    protected class statuses over legitimate law enforcement purposes, is ongoing and pervasive.

17    Further, it is unlikely that the City will remedy these patterns and practices of unlawful conduct

18    absent judicial mandate and oversight. The Plaintiff brings this action to remedy Defendant's

19    unlawful conduct and secure, at least, the declaratory and injunctive relief needed to ensure

20    compliance with the United States Constitution, the Constitution of the State of California, and

21    federal and state law.

22        4.      The Plaintiff alleges as follows:

23               **II.**      **JURISDICTION AND VENUE**

24        5.      Jurisdiction of the Court is invoked pursuant to 28 U.S.C. Sec. 1331. This action

25    seeks, at least, damages and injunctive relief under 42 U.S.C. § 1983. This Court has jurisdiction

26    over the action under 28 U.S.C. §§ 1331 and 1343. It has supplemental jurisdiction over the state

27    law claims under 28 U.S.C. § 1367 .

28

TITLE OF DOCUMENT: <u>CIVIL RIGHTS COMPLAINT</u>   CASE NO.: _____
PAGE NO. _2_ OF _28_

6.     Venue properly lies within this District pursuant to 28 U.S.C. § l391(b). The named defendants perform their official duties in this District, and all of the events, actions, and/or omissions giving rise to plaintiffs' claims occurred in this District.

## III.   INTRADISTRICT ASSIGNMENT

7.     Pursuant to Civic Local Rule 3-2, this action is properly assigned to the San Francisco or Oakland divisions of this Court.

## IV.   PARTIES

8.     At all times relevant hereto, Plaintiff, J. ROE, an individual over the age of 18, was a resident of the State of California and a citizen of the United States of America. Plaintiff, Ms. J. is a member of protected class status under Section 1557 of the ACA, 42 U.S.C. § 18116, and, by physical appearance, a person of color.

9.     Defendant CITY OF ALBANY is, and at all times herein mentioned was, a municipal corporation duly organized and existing under the laws of the State of California. Defendant City of Albany, California is a public entity subject to suit under both federal and California state law. Defendant CITY OF ALBANY, hereinafter "Defendant City" and/or "APD" and/or "the City of Albany", is a California municipal corporation and is the legal entity responsible for itself, its employees, and for the City of Albany Police Department, a public entity charged with law enforcement in the State of California. Upon information and belief, the Defendant City receives federal funds through federal assistance or federal grants from the United States Department of Justice, and/or Health and Human Services, and/or other federal agencies. As such, the City of Albany is legally required to conduct its activities in a racially non-discriminatory manner.  This Defendant City is also the employer of the individual Defendants, and is responsible for the policies, practices and customs of the City, and the training and discipline of its police officers and its public officials, and, is a proper entity to be sued under 42 U.S.C. § 1983.

10.     Upon information and belief, defendant PENELOPE CRUMPLEY of the City of Albany is a resident of California. Defendant PENELOPE CRUMPLEY was at all times herein mentioned the City Manager of the City of Albany and an authorized policymaker and/or

1   fiduciary of the City of Albany responsible for the fiduciary administration of City services and

2   the enforcement of City ordinances, and the direct supervisor of CHIEF MCQUISTON.

3   CRUMPLEY set in motion, supervised, directed, approved, and acquiesced in the constitutional

4   violations at the June 7, 2016, and/or related, stop(s), including but not limited to the use of

5   racial and identity profiling-discrimination and deprivation of the plaintiffs' First, Fourth, Fifth,

6   Ninth and Fourteenth Amendment rights by Albany officers.  Upon information and belief,

7   defendant CRUMPLEY failed adequately to train City of Albany personnel and to promulgate

8   appropriate policies to prevent race-based vehicular and pedestrian stops, and has established,

9   implemented and enforced illegal and unconstitutional policies and practices that have caused

10  plaintiffs' injuries.

11       11.     Upon information and belief, defendant MICHAEL MCQUISTON of the APD is

12  a resident of California. Defendant MICHAEL MCQUISTON was at all times herein mentioned

13  the Chief of Police of the City of Albany and an authorized fiduciary policymaker of the City of

14  Albany responsible for the fiduciary administration of City services and the enforcement of City

15  ordinances, and the direct and or indirect supervisor of Albany POLICE OFFICERS.

16  MCQUISTON set in motion, supervised, directed, approved, and acquiesced in the constitutional

17  violations at the June 7, 2016 and/or related, stop(s), including but not limited to the use of racial

18  and identity profiling-discrimination and deprivation of the plaintiffs' First, Fourth, Fifth, Ninth

19  and Fourteenth Amendment rights by Albany officers. Upon information and belief, defendant

20  MCQUISTON failed adequately to train City of Albany personnel and to promulgate appropriate

21  policies to prevent race-bias-based citizen stops, and has established, implemented and enforced

22  illegal and unconstitutional policies and practices that have caused plaintiffs' injuries.

23       12.     Defendants MR. T. DOLTER (Badge No. 7), MR. J. KURLAND (Badge No. 21),

24  MR. S. SCHOENFELD, AND, POLL WORKERS-DOES, individually and in their official

25  capacity as Albany Public Officials or City of Albany Police Officers at the time of the subject

26  incidents, who participated in the police or public official conduct complained of, as further set

27  forth below.

28

13.     All of the defendants, and each of them, are sued both in their individual and official capacities.

14.     Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 100, inclusive, and therefore sue said defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. The DOE defendants include other individuals who supervised and/or participated in the conduct complained of herein. Plaintiff is informed and believe and therefore allege that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth, and that each of said defendants proximately caused said incidents, injuries and damages by reason of their negligence, breach of duty, negligent supervision, management or control, violation of constitutional and legal rights, or by reason of other personal, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, or control or upon any other act or omission. Plaintiff will ask leave to amend this complaint to insert further charging allegations when such facts are ascertained.

15.     Each of the defendants, including defendants DOES 1 through 100, caused, and is responsible for, the below-described unlawful conduct and resulting injuries by, among other things, personally participating in the unlawful conduct or acting jointly or conspiring with others who did so; by authorizing, acquiescing in or setting in motion policies, plans or actions that led to the unlawful conduct; by failing to take action to prevent the unlawful conduct; by failing and refusing with deliberate indifference to plaintiff's rights, to initiate and maintain adequate training and supervision; and by ratifying the unlawful conduct that occurred by agents and officers under their direction and control, including failing to take remedial or disciplinary action.

16.     In doing the acts alleged herein, defendants, and each of them, acted within the course and scope of their employment.

17.     In doing the acts and/or omissions alleged herein, defendants, and each of them, acted under color of authority and/or under color of law.

TITLE OF DOCUMENT: <u>CIVIL RIGHTS COMPLAINT</u>   CASE NO.: _____
PAGE NO. _5_   OF _28_

18.     In doing the acts and/or omissions alleged herein, defendants, and each of them, acted as the agent, servant, employee and/or in concert with each of said other defendants.

## V.     A. FACTUAL ALLEGATIONS

**ALBANY Community Policing ["No Trespassing"] and/or Drug Interdiction Program[s]**

19.     Discrimination has plagued American society since this country's inception.

20.     Discriminations' substantial chilling effect has also plagued American society since its inception.

21.     This is certainly true for the Defendant City of Albany, California, its agents, and persons acting on its behalf.

22.     City of Albany, police and public officials and their partnerships, through the Defendant City's federally and/or state funded drug interdiction and/or community policing and/or "no trespassing" policy, practices and programs, and, under the color of law(s), have long relied upon bias-based elements like race and ethnicity, and/or other plaintiff's protected class statuses, in conducting stops, detentions, interrogations, seizures and searches of persons and properties, and, anything otherwise.

23.     In City of Albany, police and public officials use trespassing charges/property bans as a law enforcement tool because the bans create an automatic right to arrest and search persons they suspect for drug or other illegal activity, or, for example on public properties, ban persons who they believe have previously caused trouble on the public property.  Yet, upon information and belief, many times, Defendants have engaged in an unabated, continuing custom, pattern and practice of discrimination.   Further harming the public.

24.     What is happening to the plaintiff, as described below, is not unusual. Plaintiffs' stories are consistent with the defendants' policy, pattern and practice of discriminating on the basis of race, and, unlawful biases otherwise, when determining whom to target, stop, seize, interrogate, detain and/or search in their drug interdiction and/or community policing and/or "no trespassing" efforts. The clear fraud and discriminatory effect of these practices, and the discriminatory purpose hidden behind the defendants' practice and policy of willful ignorance, is immoral, illegal, and, deadly. These practices must be stopped.

TITLE OF DOCUMENT: <u>CIVIL RIGHTS COMPLAINT</u>  CASE NO.: _____
PAGE NO. _6_  OF  _28_

V.    B. **THE ILLEGAL STOP AND SEARCH IN THIS CASE: VIOLATIONS**

1. **VIOLATED CIVIL RIGHTS AND FRAUD: Voting-while-Black-plus**

48.    On or about Tuesday, June 7, 2016, at or near the California primary voting site, City of Albany Senior Center, 846 Masonic Ave, Albany, CA 94706, during the California primary voting processes, the following maliciousness 'racial-identity profiling-, and/or other plaintiff's protected class statuses discrimination'-based violence and unlawfulness was directed against Ms. J. while "voting-while-black-plus-[other plaintiff's protected class statuses]", and, "visiting-while-black-plus-[other plaintiff's protected class statuses]", and, "vacating-while-black-plus-[other plaintiff's protected class statuses]", when visiting in the City of Albany community; a location which sits just east of CA State Route Highway 123, and north of the North Berkeley BART, in Albany, California.

49.    At the early stage of 2016 voting process, Ms J., on Tuesday, June 7, 2016, at the California primary voting site, City of Albany Senior Center, 846 Masonic Ave, Albany, CA 94706, without warning, was maliciously attacked, under fraudulent and discriminating terms, by at least three "Poll Workers", DOES no. 1 through no. 3, this was done repeatedly for no legitimate reason.

50.    At no time during the events described above, was Ms. J. incapacitated, a threat to the safety of oneself or others, disorderly or in the commission of a criminal offense.

51.    Ms. J. was attacked, stopped, searched, and violently removed by public officials without any legal basis, and was harmed, shamed and demeaned by being forced to endure the very violent public hurt and humiliating treatment from the City of Albany officials who stopped him. After this stop, Ms. J. has valid concerns that Plaintiff would not be able to freely visit this community because Plaintiff cannot travel about Albany, nor on or near CA State Route Highway 123 in the City of Albany, California, without being oppressed, stopped, or threatenings or intimidations. In light of this unjustified violent attack and the policy and practice of City of Albany officials bias-based program[s] as set forth above, Ms. J. has a reasonable belief and fear that Plaintiff will be harassed, abused, and stopped again in the future.

2. **VIOLATED CIVIL RIGHTS AND FRAUD-Continued: Visiting-while-Black-plus**

TITLE OF DOCUMENT: <u>CIVIL RIGHTS COMPLAINT</u>   CASE NO.: _____
PAGE NO. _7_ OF _28_

52.     And, furthering the foregoing "Poll Workers" DOES 1 – 3 fraud and civil rights violations, it came to pass, when, Ms. J. was visiting-while-black at Albany Senior Center, and was seated to eat Plaintiffs' food, the site supervisor, Mr. Sidney Schoenfeld, maliciously mocked, seized, stopped, detained, denied food, removed, and interrogated Plaintiff, all done without any consent, nor any notice, nor any justification.

53.     Defendants, including Mr. Schoenfeld, acting under color of law, although asked, never made it clear, why Plaintiff had been denied food, public accommodations and rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

54.     Although the stop, seizure and search turned up nothing, and, although Ms. J. had not committed any site violations, the Defendant did not allow Ms. J. to return to site. Instead, Defendant Official began to further mock and make for fraudulent accusations upon Ms. J.

55.     Ms. J. was pulled out under Defendants' fraud and fraudulent concealment, and, because of Plaintiff's race, and/or other plaintiff's protected class statuses. Ms. J. was not doing nor had done anything erratically, and had not committed any site violations. And, Plaintiff's visit was not found unsafe in any manner. The sole "offense" Ms. J. committed was visiting-while-Black-plus-other-plaintiff's-protected-class-statuses.

56.     Ms. J. was stopped, seized, subjected to being denied ones food and unwarranted search, removal, and examination, and detained on the basis of Plaintiff's race-identity, and/or other plaintiff's protected class statuses, and Defendants' conspiracy, discrimination and fraud.

**3. VIOLATED CIVIL RIGHTS AND FRAUD-Continued – in Vicinity-while-Black-plus**

57.     Later, while Ms. J. was yet in the vicinity of California  primary voting site, at City of Albany Senior Center, 846 Masonic Avenue, Albany, CA 94706, City of Albany Public Safety Officer Mr. Justin Kurland (Badge no. 21), and, Sgt. Mr. Thomas "Tom" Dolter (Badge no. 7), without consent, nor for any lawful justification, stopped, seized, detained, and interrogated Plaintiff.

58.     These officers, without any justification, added more injury, and, continued the same cruel abuses and fraud under the color of the law and authority promulgated by previously aforementioned herein City of Albany officials.

TITLE OF DOCUMENT: CIVIL RIGHTS COMPLAINT   CASE NO.: _____
PAGE NO._8__  OF _28__

59.     At no time did they seek Ms. J.'s consent, nor was it given, while, without justification, Plaintiff's was being the subject of the pattern and practice of these public officials / law enforcement officers conduct that deprived Ms. J.'s rights, privileges, or immunities secured or protected by the Constitution or laws of the United States and/or the state of California.

60.     After this nearly half hour detention, Ms. J. was released without a ticket or citation. Ms. J. only "crime," it turned out, was being African American, and/or other plaintiff's protected class statuses.

61.     At no time during the events described above, was Plaintiff incapacitated, a threat to the safety of oneself or others, disorderly or in the commission of a criminal offense.

62.     Defendant Albany Police Officers and/or Public Officials had no warrant for the arrest and or detention of the Plaintiff, no probable cause for the arrest and or detention of the Plaintiff, and no legal cause to invade the privacy of the Plaintiff, and, no legal cause or excuse to seize the person or property of the Plaintiff.

88.     Ms. J. travels and visits throughout the City of Albany, for basic life reasons, often. Ms. J. has no intention of changing ones travels or life needs, and therefore has a reasonable expectation that one will travel to such sites in the future. Therefore, based on this stop, the other stops, and Plaintiffs' need to use the public accommodations for business and personal reasons, and especially in light of the City of Albany unlawful biased program's policy, pattern and practice of conduct as described above, Ms. J. has a valid and reasonable concern that Plaintiff will be stopped by a City of Albany official again in the future solely on the basis of ones race-identity, and/or other plaintiff's protected class statuses.

### 4. VIOLATED CIVIL RIGHTS AND FRAUD-Continued – Vacated-while-Black-plus

89.     Unto this day, while Ms. J. having long since vacated the California  primary voting site and process, at City of Albany Senior Center, 846 Masonic Avenue, Albany, CA 94706, yet, oppressive retaliations, threatenings, harassments, and intimidations continue from Defendants City of Albany, its agents, and persons acting on its behalf, all being done without any lawful justification upon Plaintiff: creating an ongoing and pervasive voting-while-black-plus substantial chilling effect.

90.     Again, collectively continuing the same cruel abuses and fraud under the color of the law and authority promulgated by previously aforementioned herein City of Albany officials.

91.     At no time during the events described above, was Plaintiff incapacitated, a threat to the safety of oneself or others, disorderly or in the commission of a criminal offense.

92.     Defendant City of Albany has no warrant for the arrest and or detention of the Plaintiff, no probable cause for the arrest and or detention of the Plaintiff, and no legal cause to invade the privacy of the Plaintiff, and, no legal cause or excuse to seize the person or property of the Plaintiff.

93.     Ms. J. travels and visits throughout the City of Albany, for very basic life reasons, often. Ms. J. has no intention of changing ones various travels or life needs, and therefore has a reasonable expectation that one will visit, be in vicinity, vacate, or maybe vote at such sites in the future. Therefore, based on this stop, the other stops, and Plaintiffs' need to use the public accommodations for business and personal reasons, and especially in light of the City of Albany unlawful biased program's policy, pattern and practice of conduct as described above, Ms. J. has a valid and reasonable fear that Plaintiff will be stopped by a City of Albany officials, its agents, and persons acting on its behalf, again in the future solely on the basis of ones race-identity, and/or other plaintiff's protected class statuses.  Again: These practices must be stopped.

## VI.     A. REQUISITES FOR RELIEF

94.     As a direct and proximate result of the conduct of defendants described above, plaintiff has been denied Plaintiffs' constitutional and statutory rights as stated below and has suffered and continue to suffer mental and emotional distress, humiliation, embarrassment, discomfort, anxiety, persecution and pain.

95.     Defendants' acts were willful, wanton, malicious, oppressive and done with conscious disregard and deliberate indifference for plaintiffs' rights. Therefore, defendants' actions justify an award to plaintiff of punitive damages in an amount to be determined at trial.

96.     Defendants' policies, practices, conduct and acts alleged herein have resulted and will continue to result in irreparable injury to plaintiff, including but not limited to further violations of Plaintiffs' statutory and constitutional rights. Plaintiff has no plain, adequate or

complete remedy at law to address the wrongs described herein. Plaintiff intends in the future to exercise Plaintiffs' constitutional rights of freedom of speech and association by engaging in First, Fourth, Fifth, Ninth and Fourteenth Amendments and expressive activities in the City of Albany, California. Defendants' conduct described herein has created fear, anxiety and uncertainty in plaintiff with respect to the exercise, now and in the future, of constitutional rights within the City of Albany, California. Plaintiff therefore seek injunctive relief from this court, to ensure that plaintiff and persons similarly situated will not suffer violations of their rights from defendants' illegal and unconstitutional policies, conduct, customs, practices and acts described herein. Plaintiff also seek injunctive relief in the form of an order requiring that defendants seal and destroy any records derived from plaintiff's arrests and/or detentions and/or harassments, including fingerprints, photographs, and all other identification and descriptive information, and all information, and biological samples and information obtained from such biological samples collected from the plaintiff, and identify to the plaintiff all entities and agencies to which such information has been disseminated; and that all such disseminated records be collected and destroyed.

97.    Defendants acted with discriminatory intent in violation of plaintiffs' legal and constitutional rights, and have directly and proximately caused plaintiffs' humiliation, mental pain and suffering. As a direct, legal and proximate result of defendants' violations of plaintiffs' statutory, constitutional and common law rights, plaintiff have been damaged in an amount which is not yet known. Plaintiff will seek leave of Court to amend this Complaint when ascertained, or will amend to conform to proof at time of trial.

98.    At all times herein mentioned, defendants had an obligation to comply with federal and state laws regarding racial discrimination. Defendants failed to meet these obligations with respect to plaintiff.

99.    Plaintiffs therefore seek injunctive relief from this court including but not limited to police policies, training, and accountability measures, to ensure that Plaintiffand persons similarly situated will not suffer violations of their rights from defendants' illegal and unconstitutional policies, customs and practices as described herein.

100.   As a direct and proximate result of the conduct of defendants described herein, Plaintiff has been denied Plaintiffs' constitutional, statutory and legal rights as stated below, and have suffered general and special damages, including but not limited to, mental and emotional distress, physical injuries and bodily harm, pain, fear, humiliation, embarrassment, discomfort, and anxiety and other damages in an amount according to proof.

101.   An actual controversy exists between plaintiff and defendants in that plaintiff contend that the policies, practices and conduct of defendants alleged herein are unlawful and unconstitutional, whereas plaintiff are informed and believe that defendants contend that said policies, practices and conduct are lawful and constitutional. Plaintiff seek a declaration of rights with respect to this controversy.

102.   Plaintiff have incurred, and will continue to incur, various fees and costs in amounts to be determined according to proof.

**VI.   B. CLAIMS FOR RELIEF**
**VII.   FIRST CAUSE OF ACTION**
**Race Discrimination in Federally Funded Programs**
**Violation of Title VI of the Civil Rights Act of 1964 and 28 C.F.R. §§ 42.101 *et seq.***
**42 U.S.C. § 1983**
(Against Defendants CRUMPLEY and MCQUISTON in their official capacity)

103.   Plaintiffs incorporate by reference and reallege paragraphs 1-102. of this Complaint.

104.   Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, provides:

> [N]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected discrimination under any program or activity receiving federal financial assistance.

105.   Federal regulations implementing Title VI prohibit federally funded programs or activities from having a racially discriminatory impact or effect. The regulations provide that no program receiving financial assistance through the United States Department of Justice or any federal agency shall:

> Utilize criteria or methods of administration which have the effect

of subjecting individuals to discrimination because of their race, color, or national origin, or have the effect of defeating or substantially impairing accomplishment of the objectives of the program as respects individuals of a particular race, color, or national origin.

106.    Defendant City of Albany receives federal financial assistance from the United States Department of Justice and other federal agencies, and thus is bound to abide by the terms of Title VI and its implementing regulations, including 28 C.F.R. §§ 42.101 et seq.

107.    The drug interdiction and/or "no trespassing" and/or community policing methods employed by the City of Albany have a discriminatory impact on persons of color traveling through Albany, California, including plaintiff, as described herein, and thereby violate 28 C.F.R. §§ 42.101 et seq. and Title VI. This violation is actionable under 42 U.S.C. § 1983. Through their acts and omissions as alleged in this Complaint, defendants CRUMPLEY and MCQUISTON has caused the violations of plaintiffs' rights secured by Title VI and its implementing regulations.

108.    Defendants CRUMPLEY's and MCQUISTON's violation of Title VI and its implementing regulations has caused and will continue to cause plaintiff to suffer tremendous harm and public humiliation in that Plaintiff has been and will continue to be subjected to City of Albany policies and practice of race-identity-based, , and/or other plaintiff's protected class statuses discrimination in the absence of judicial intervention.

109.    Wherefore, the plaintiff pray for relief as hereinafter set forth.

## VIII.   SECOND CAUSE OF ACTION
### Intentional Race Discrimination in Federally Funded Programs
### Violation of Title VI of the 1964 Civil Rights Act
(Against Defendant APD)

110.    Plaintiffs incorporate by reference and reallege paragraphs 1-109. of this Complaint.

111.    The City of Albany intentionally discriminates against persons of color, and/or other plaintiff's protected class statuses passing through Albany, California, including plaintiff, through its drug interdiction and/or "no trespassing" and/or community policing methods, as

TITLE OF DOCUMENT: <u>CIVIL RIGHTS COMPLAINT</u>   CASE NO.: _____
PAGE NO. __13__ OF __28__

1  described herein, in violation of § 601 of Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§

2  2000d et seq.

3      112.    Defendant City of Albany's violation of Title VI has caused and will continue to

4  cause plaintiff to suffer tremendous harm and public humiliation in that Plaintiff has been and

5  will continue to be subjected to City of Albany's practice of race-identity-based, and/or other

6  plaintiff's protected class statuses discrimination in the absence of judicial intervention.

7      113.    Wherefore, the plaintiff pray for relief as hereinafter set forth.

8

9              IX.    THIRD CAUSE OF ACTION
           **Intentional Discrimination in Federally Funded Programs**
10          **Violation of Section 1557 of the ACA, 42 U.S.C. § 18116**
                  (Against Defendant APD)

11      114.    Plaintiffs incorporate by reference and reallege paragraphs 1-113. of this

12  Complaint.

13      115.    The City of Albany intentionally discriminates against persons of plaintiff's

14
15  protected class statuses passing through Albany, California, including plaintiff, through its drug

16  interdiction and/or "no trespassing" and/or community policing methods, as described herein, in

17  violation of Section 1557 of the ACA, 42 U.S.C. § 18116.

18      116.    Defendant City of Albany's violation of Section 1557 has caused and will

19  continue to cause plaintiff to suffer tremendous harm and public humiliation in that Plaintiff has

20  been and will continue to be subjected to City of Albany's practice of race-identity-based, and/or

21  other plaintiff's protected class statuses discrimination in the absence of judicial intervention.

22      117.    Wherefore, the plaintiff pray for relief as hereinafter set forth.
23

24              X.    FOURTH CAUSE OF ACTION
           **Violation of the Fourteenth Amendment and 42 U.S.C. § 1983**
25        (Against all defendants in their individual and official capacities except APD)

26      118.    Plaintiffs incorporate by reference and reallege paragraphs 1-117. of this

27  Complaint.

28

TITLE OF DOCUMENT: <u>CIVIL RIGHTS COMPLAINT</u>   CASE NO.: _____
PAGE NO. __14__  OF __28__

119.   Defendants, and/or each of them, individually and/or while acting under color of law and in concert with one another, have engaged in a continuing pattern and practice of intentional race discrimination in drug interdiction and/or "no trespassing" and/or community policing efforts carried out in the Defendants law enforcement activities and operations, its agents, and persons acting on its behalf. In so doing, defendants have caused plaintiff, to suffer deprivation of Plaintiffs' fundamental rights to liberty and to be free from unlawful searches, detentions and seizures on account of Plaintiffs' race-identity and/or national origin. These actions violated plaintiffs' rights to equal protection of the laws, in violation of the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

120.   Defendants, and/or each of them, individually and/or while acting under color of law, institute, authorize, tolerate, ratify, permit and acquiesce in policies, practices and customs of detention, searches and seizures which involve intentional race-identity, and/or other plaintiff's protected class statuses discrimination in the provision of law enforcement services.

121.   The defendants' acts and omissions were done in knowing violation of plaintiffs' legal and constitutional rights, and have directly and proximately caused plaintiffs' general and special damages, including, but not limited to, humiliation, mental pain and suffering.

122.   Wherefore, the plaintiff pray for relief as hereinafter set forth.

## XI.   FIFTH CAUSE OF ACTION
### Violation of the Fourth and Fourteenth Amendments to the United States Constitution 42 U.S.C. § 1983.
(Against all defendants in their official and individual capacities except APD)

123.   Plaintiffs incorporate by reference and reallege paragraphs 1-122. of this Complaint.

124.   Defendants, and/or each of them, individually and/or while acting under color of law and in concert with one another, have violated plaintiffs' rights to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments to the United States Constitution. Defendants have subjected plaintiff, to lengthy detentions, interrogations and searches, without probable cause or reasonable suspicion to believe that any crime had been committed or that plaintiff were carrying drugs of any kind, in violation of the Fourth

TITLE OF DOCUMENT: <u>CIVIL RIGHTS COMPLAINT</u>   CASE NO.: _____
PAGE NO. <u> 15 </u>   OF <u>  28  </u>

Amendment guarantee against unreasonable searches and seizures, and giving rise to plaintiff claims pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983.

125.    Defendants, and/or each of them, individually and/or while acting under color of law, institute, authorize, tolerate, ratify permit and acquiesce in policies, practices and customs of detentions, interrogations, searches and seizures without probable cause or reasonable, articulable suspicion of crime, in their provision of law enforcement services.

126.    Defendants' acts and omissions were done in knowing violation of plaintiffs' legal and constitutional rights, without good faith, and have directly and proximately caused plaintiffs' general and special damages, including but not limited to, humiliation, mental pain and suffering.

127.    Wherefore, the plaintiff pray for relief as hereinafter set forth.

## XII.    SIXTH CAUSE OF ACTION
**Violation of the Commerce Clause, Article IV and Fourteenth Amendment to the United States Constitution 42 U.S.C. § 1983**
(Against all defendants in their individual and official capacities except the APD)

128.    Plaintiffs incorporate by reference and reallege paragraphs 1-127. of this Complaint.

129.    Defendants, and/or each of them, individually and/or while acting under color of law and in concert with one another, have caused plaintiff to be penalized and deterred in the exercise of Plaintiffs' fundamental right to interstate travel and migration on account of Plaintiffs' race and/or ethnicity and/or national origin. These actions violated plaintiffs' right to travel, in violation of the Commerce Clause and the Privileges and Immunities Clauses of Article IV and the Fourteenth Amendment.

130.    Defendants, and/or each of them, individually and/or while acting under color of law, institute, authorize, ratify, permit and acquiesce in policies, practices and customs of detention, searches and seizures which violate plaintiffs' fundamental right to interstate travel.

131.    Defendants' acts and omissions were done in known violation of plaintiffs' legal and constitutional rights, without good faith, and have directly and proximately caused plaintiffs' general and special damages, including but not limited to, humiliation, mental pain and suffering.

TITLE OF DOCUMENT: <u>CIVIL RIGHTS COMPLAINT</u>   CASE NO.: _____
PAGE NO. __16__   OF __28__

132.     Wherefore, the plaintiff pray for relief as hereinafter set forth.

## XIII.   SEVENTH CAUSE OF ACTION
**Violation of the First Amendment to the United States Constitution 42 U.S.C. § 1983. - Retaliation**
(Against all defendants in their individual and official capacities except the APD)

133.     Plaintiffs incorporate by reference and reallege paragraphs 1-132. of this Complaint.

134.     Defendants' and each of their above-described conduct, and/or each of them, individually and/or while acting under color of law and in concert with one another, have violated plaintiff's rights to freedom of speech and association under the First Amendment to the United States Constitution 42 U.S.C. § 1983.

135.     Defendants' acts and omissions were the result of discriminatory intent, and were done in known violation of plaintiffs' legal and constitutional rights, without good faith, and have directly and proximately caused plaintiffs' general and special damages, including, but not limited to, humiliation, mental pain and suffering.

136.     Wherefore, the plaintiff pray for relief as hereinafter set forth.

## XIV.   EIGHTH CAUSE OF ACTION
**Violation of the Fourth Amendment to the United States Constitution 42 U.S.C. § 1983. - Excessive Force**
(Against all defendants in their individual and official capacities except the APD)

137.     Plaintiffs re-allege and incorporate by reference the preceding paragraphs 1-136. of this Complaint.

138.     The acts and/or omissions of the defendants, and each of them, individually and/or while acting in concert with one another, violated plaintiffs' rights to be free from excessive and/or arbitrary force and/or arrest and/or imprisonment without reasonable or probable cause, under the Fourth Amendment to the United States Constitution.

139.     Wherefore, the plaintiff pray for relief as hereinafter set forth.

## XV.   NINTH CAUSE OF ACTION
**Violation of the First Amendment to the United States Constitution 42 U.S.C. § 1983. - Questioning Stops**
(Against all defendants in their individual and official capacities except the APD)

140.   Plaintiffs incorporate by reference and reallege paragraphs 1-139. of this Complaint.

141.   Defendants' and each of their above-described conduct, and/or each of them, individually and/or while acting under color of law and in concert with one another, have violated plaintiff's rights to freedom of speech and association under the First Amendment to the United States Constitution 42 U.S.C. § 1983.

142.   Defendants' acts and omissions were the result of discriminatory intent, and were done in known violation of plaintiffs' legal and constitutional rights, without good faith, and have directly and proximately caused plaintiffs' general and special damages, including but not limited to, humiliation, mental pain and suffering.

143.   Wherefore, the plaintiff pray for relief as hereinafter set forth.

## XVI.   TENTH CAUSE OF ACTION
**Violation of the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution 42 U.S.C. § 1983. - The Right to Privacy**
(Against all defendants in their individual and official capacities except the APD)

144.   Plaintiffs incorporate by reference and reallege paragraphs 1-143. of this Complaint.

145.   Defendants' and each of their above-described conduct, and/or each of them, individually and/or while acting under color of law and in concert with one another, have violated plaintiff's rights to freedom of speech and association, right to privacy and to be let alone, right/privilege against self-incrimination, which provides protection for the privacy of personal information , and rights not specifically enumerated in the Constitution, which citizens nevertheless retain, and, right to not deprive any person of life, liberty, or property, without due process of law, under the First, Fourth, Fifth, Ninth, and Fourteenth Amendment to the United States Constitution 42 U.S.C. § 1983.

146.   Defendants' acts and omissions were the result of discriminatory intent, and were done in known violation of plaintiffs' legal and constitutional rights, without good faith, and have directly and proximately caused plaintiffs' general and special damages, including but not limited to, humiliation, mental pain and suffering.

147.   Wherefore, the plaintiff pray for relief as hereinafter set forth.

## XVII.  ELEVENTH CAUSE OF ACTION
### Violation of 42 U.S.C. § 1981
(Against all defendants in their individual and official capacities except the APD)

148.   Plaintiffs incorporate by reference and reallege paragraphs 1-147. of this Complaint.

149.   Defendants, and/or each of them, individually and/or while acting under color of law and in concert with one another, have denied plaintiff Plaintiffs' rights to full and equal benefit of the laws and Plaintiffs' right to be subject to like punishment under 42 U.S.C. § 1981.

150.   Defendants' acts and omissions were the result of discriminatory intent, and were done in known violation of plaintiffs' legal and constitutional rights, without good faith, and have directly and proximately caused plaintiffs' general and special damages, including but not limited to, humiliation, mental pain and suffering.

151.   Wherefore, the plaintiff pray for relief as hereinafter set forth.

## XVIII. TWELVETH CAUSE OF ACTION
### Violation of 42 U.S.C. § 1982
(Against all defendants in their individual and official capacities except the APD)

152.   Plaintiffs incorporate by reference and reallege paragraphs 1-151. of this Complaint.

153.   Defendants, and/or each of them, individually and/or while acting under color of law and in concert with one another, have denied plaintiffs' rights to full and equal benefit of the laws and plaintiffs' right to be subject to like real or personal property privileges, protections, and enjoyments under 42 U.S.C. § 1982.

154.   Defendants' acts and omissions were the result of discriminatory intent, and were done in known violation of plaintiffs' legal and constitutional rights, without good faith, and have directly and proximately caused plaintiffs' general and special damages, including but not limited to, humiliation, mental pain and suffering.

155.   Wherefore, the plaintiff pray for relief as hereinafter set forth.

## XIX.   THIRTEENTH CAUSE OF ACTION
### Conspiracy to Violate Civil Rights

1

**(42 U.S.C. § 1986)**
(All defendants except APD)

2

156.     Plaintiffs incorporate by reference and reallege paragraphs 1-155. of this

3

Complaint.

4

157.     Defendants, and/or each of them, individually and/or while acting under color of

5

law and in concert with one another, and by way of a conspiracy among them, have caused

6

plaintiff, to be denied equal protection of the laws and to be deprived of equal privileges and

7

immunities under the laws, on account of plaintiffs' race and/or national origin, and/or other

8

plaintiff's protected class statuses, by subjecting him to legally unjustified and racially

9

discriminatory detentions and searches. The supervisory defendants had knowledge of the

10

conspiracy to violate plaintiffs' civil rights and of the violations committed, and had power to

11

prevent these wrongs, but neglected or refused to do so in violation of 42 U.S.C. § 1986.

12

158.     Defendants' acts and omissions were done in knowing violation of plaintiffs'

13

legal and constitutional rights, and have directly and proximately caused plaintiffs' general and

14

special damages, including but not limited to, humiliation, mental pain and suffering.

15

159.     Wherefore, the plaintiff pray for relief as hereinafter set forth.

16

**XX.     FOURTEENTH CAUSE OF ACTION**

17

**Violation of Government Code §§ 11135 and 11139**

18

160.     Plaintiffs incorporate by reference and reallege paragraphs 1-159. of this

19

Complaint.

20

161.     Government Code § 11135(a) prohibits race discrimination in any program or

21

activity that is funded directly by the state or receives any financial assistance from the state.

22

162.     State regulations implementing § 11135 provide that no program receiving

23

financial assistance from the State of California shall have an unjustified discriminatory impact

24

or effect on the basis of race.

25

163.     Defendants APD receive financial assistance from the State of California, and

26

thus is bound to abide by the terms of Government Code §11135 and its implementing

27

regulations.

28

TITLE OF DOCUMENT: <u>CIVIL RIGHTS COMPLAINT</u>   CASE NO.: _____
PAGE NO. _20_   OF _28_

164.    Eleventh Amendment immunity of the State of California was waived by the State of California in its enactment of amendments to Government Code § 11139 in the California Civil Rights Amendments of 1999.

165.    The drug interdiction and/or "no trespassing" and/or community policing methods employed by the Defendant City discriminate against African-American persons, and/or other plaintiff's protected class statuses  traveling through Albany, California, including plaintiff, as described herein.

166.    Defendant's violation of Government Code §11135 and its implementing regulations have caused and will continue to cause plaintiff to suffer tremendous harm and public humiliation in that Plaintiff has been and will continue to be subjected to Defendants' practice of race-based discrimination, and/or other plaintiff's protected class statuses without judicial intervention.

167.    Wherefore, the plaintiff pray for relief as hereinafter set forth.

## XXI.    FIFTEENTH CAUSE OF ACTION
### Violation of Article 1, § 7 (a) of the California Constitution
#### (Against all Defendants except APD)

168.    Plaintiffs incorporate by reference and reallege paragraphs 1-167. of this Complaint.

169.    Defendants' above-described conduct violated plaintiffs' rights not to be deprived of due process and equal protection of the laws under Article 1, § 7(a) of the California Constitution.

170.    Wherefore, the plaintiff pray for relief as hereinafter set forth.

## XXII.   SIXTEENTH CAUSE OF ACTION
### Violation of Article 1, § 13 of the California Constitution
#### (Against all Defendants except APD)

171.    Plaintiffs incorporate by reference and reallege paragraphs 1-170. of this Complaint.

172.    Defendants' above-described conduct violated plaintiffs' rights to be free from unreasonable searches and seizures under Article 1, § 13 of the California Constitution.

TITLE OF DOCUMENT: <u>CIVIL RIGHTS COMPLAINT</u>   CASE NO.: _____
PAGE NO. __21__  OF  __28__

173.    Wherefore, the plaintiff pray for relief as hereinafter set forth.

## XXIII. SEVENTEENTH CAUSE OF ACTION
### Violation of California Civil Code § 51.7
(Against all Defendants except APD)

174.    Plaintiffs incorporate by reference and reallege paragraphs 1-173. of this Complaint.

175.    Defendants' and each of their above-described conduct violated plaintiff's right to be free from violence and intimidation by threat of violence because of their actual or perceived political affiliation and/or viewpoint, in violation of California Civil Code §51.7.

176.    Wherefore, the plaintiff pray for relief as hereinafter set forth.

## XXIV. EIGHTEENTH CAUSE OF ACTION
### Violation of California Civil Code § 52.1(b)
(Against all Defendants except APD)

177.    Plaintiffs incorporate by reference and reallege paragraphs 1-176. of this Complaint.

178.    Defendants' above-described conduct interfered and/or attempted to interfere, by threats, intimidation and coercion, with plaintiffs' peaceable exercise and/or enjoyment of their rights as secured by the United States Constitution and/or California Constitution, in violation of California Civil Code § 52.1.

179.    Wherefore, the plaintiff pray for relief as hereinafter set forth.

## XXV.  NINTEENTH CAUSE OF ACTION
### Violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*
(Against all Defendants except APD)

180.    Plaintiffs incorporate by reference and reallege paragraphs 1-179. of this Complaint.

181.    Defendants' above-described conduct interfered and/or attempted to interfere, by threats, intimidation and coercion, with plaintiffs' peaceable exercise and/or enjoyment of their

TITLE OF DOCUMENT: <u>CIVIL RIGHTS COMPLAINT</u>   CASE NO.: _____
PAGE NO. __22__  OF __28__

rights as secured by the United States Constitution and/or California Constitution, in violation of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101 *et seq.*

182.   Wherefore, the plaintiff pray for relief as hereinafter set forth.

### XXVI.   TWENTIETH CAUSE OF ACTION
**Violation of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq.***
(Against all Defendants except APD)

183.   Plaintiffs incorporate by reference and reallege paragraphs 1-182. of this Complaint.

184.   Defendants' above-described conduct interfered and/or attempted to interfere, by threats, intimidation and coercion, with plaintiffs' peaceable exercise and/or enjoyment of their rights as secured by the United States Constitution and/or California Constitution, in violation of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq.*

185.   Wherefore, the plaintiff pray for relief as hereinafter set forth.

### XXVII.  TWENTY-FIRST CAUSE OF ACTION
**Violation of the Age Discrimination Act of 1975.**
(Against all Defendants except APD)

186.   Plaintiffs incorporate by reference and reallege paragraphs 1-185. of this Complaint.

187.   Defendants' above-described conduct interfered and/or attempted to interfere, by threats, intimidation and coercion, with plaintiffs' peaceable exercise and/or enjoyment of their rights as secured by the United States Constitution, in violation of the The Age Discrimination Act prohibits discrimination on the basis of age in federally funded programs or activities.

188.   Wherefore, the plaintiff pray for relief as hereinafter set forth.

### XXVIII.   TWENTY-SECOND CAUSE OF ACTION
**Violation of California Public Accommodations Law, California Civil Code § 54.1, *et seq.***
(Against all Defendants except APD)

189.   Plaintiffs incorporate by reference and reallege paragraphs 1-188. of this Complaint.

190.    Defendants' above-described conduct interfered and/or attempted to interfere, by threats, intimidation and coercion, with plaintiffs' peaceable exercise and/or enjoyment of their rights as secured by the United States Constitution and/or California Constitution, in violation of California Public Accommodations Law, California Civil Code § 54.1, *et seq.*

191.    Wherefore, the plaintiff pray for relief as hereinafter set forth.

## XXIX. TWENTY-THIRD CAUSE OF ACTION
### Violation of California Business & Professions Code § 17200 *et seq.*-Unfair Business Practices Act
(Against all Defendants except APD)

192.    Plaintiffs incorporate by reference and reallege paragraphs 1-191. of this Complaint.

193.    Defendants' above-described conduct interfered and/or attempted to interfere, by threats, intimidation and coercion, with plaintiffs' peaceable exercise and/or enjoyment of their rights as secured by the United States Constitution and/or California Constitution, in violation of California Business & Professions Code § 17200 *et seq.*

194.    Wherefore, the plaintiff pray for relief as hereinafter set forth.

## XXX.  TWENTY-FOURTH CAUSE OF ACTION
### Violation of California Business & Professions Code § 17500 *et seq.*-False Advertising Practices  Act
(Against all Defendants except APD)

195.    Plaintiffs incorporate by reference and reallege paragraphs 1-194. of this Complaint.

196.    Defendants' above-described conduct interfered and/or attempted to interfere, by threats, intimidation and coercion, with plaintiffs' peaceable exercise and/or enjoyment of their rights as secured by the United States Constitution and/or California Constitution, in violation of California Business & Professions Code § 17500 *et seq.*

197.    Wherefore, the plaintiff pray for relief as hereinafter set forth.

## XXXI. TWENTY-FIFTH CAUSE OF ACTION

**Intentional Infliction of Emotional Distress**
(Against all Defendants except APD)

198.    Plaintiffs incorporate by reference and reallege paragraphs 1-197. of this Complaint.

199.    Defendants' above-described conduct, and/or each of them, individually and/or while acting in concert with one another, was extreme and outrageous. Said conduct was done intentionally and with conscious disregard of plaintiffs' rights, and directly and proximately caused plaintiffs general and special damages, including but not limited to, humiliation, mental pain and suffering.

200.    Wherefore, the plaintiff pray for relief as hereinafter set forth.

### XXXII.    TWENTY-SIXTH CAUSE OF ACTION
**Negligent Infliction of Emotional Distress**
(Against all Defendants except APD)

201.    Plaintiffs incorporate by reference and reallege paragraphs 1-200. of this Complaint.

202.    Defendants' above-described conduct and/or omissions, and/or each of them, individually and/or while acting in concert with one another, constituted a breach of defendants' duty of care to plaintiff to ensure that defendants did not cause unnecessary or unjustified harm to plaintiff. It was reasonably foreseeable to all defendants that a breach of that duty by defendants would cause emotional distress to plaintiff.

203.    Wherefore, the plaintiff pray for relief as hereinafter set forth.

### XXXIII.    TWENTY-SEVENTH CAUSE OF ACTION
**False Imprisonment**
(Against all Defendants except APD)

204.    Plaintiffs incorporate by reference and reallege paragraphs 1-203. of this Complaint.

205.    Defendants' above-described conduct, and/or each of them, individually and/or while acting in concert with one another, restrained plaintiff against Plaintiffs' will and without legal justification.

TITLE OF DOCUMENT: <u>CIVIL RIGHTS COMPLAINT</u>   CASE NO.: _____
PAGE NO. _25_ OF _28_

206.    Defendants' acts and/or omissions, and/or each of them, individually and/or while acting in concert with one another, were intentional and done in violation of plaintiffs' rights, and have directly and proximately caused plaintiffs' general and special damages, including but not limited to, humiliation, mental pain and suffering.

207.    Wherefore, the plaintiff pray for relief as hereinafter set forth.

## XXIV. TWENTY-EIGHTH CAUSE OF ACTION
### Violation of Voting Rights Act of 1965
### [18 U.S.C. § 594 - Intimidation of voter]

208.    (Against all defendants in their individual and official capacities except the APD)

209.    Plaintiffs incorporate by reference and reallege paragraphs 1-207. of this Complaint.

210.    Defendants, and/or each of them, individually and/or while acting under color of law and in concert with one another, have denied Plaintiffs' rights to full and equal benefit of the laws and Plaintiffs' right to vote and voting process, and be be free of intimidation, or coerce, or any interference under The Voting Rights Act [18 U.S. Code § 594].

211.    Defendants' acts and omissions were the result of discriminatory intent, and were done in known violation of plaintiffs' legal and constitutional rights, without good faith, and have directly and proximately caused plaintiffs' general and special damages, including but not limited to, humiliation, mental pain and suffering.

212.    Wherefore, the plaintiff pray for relief as hereinafter set forth.

## XXXV.        TWENTY-NINTH CAUSE OF ACTION
### Declaratory Relief

213.    Plaintiffs incorporate by reference and reallege paragraphs 1-212. of this Complaint.

214.    There is a real and actual controversy between plaintiff and defendants regarding whether defendants may undertake to act as described herein. Plaintiff contend that defendants violated the United States and California Constitutions and the laws of the United States and of California. On information and belief, defendants deny that their conduct violated the United States and California Constitutions and the laws of the United States and of California. Plaintiff

TITLE OF DOCUMENT: CIVIL RIGHTS COMPLAINT   CASE NO.: _____
PAGE NO. _26_ OF _28_

fear that Plaintiff will again be subjected to such unlawful and unconstitutional actions, and seeks a judicial declaration that defendants' conduct deprived plaintiff of rights under the United States and California Constitutions and the laws of the United States and California.

### XXVII.    PRAYER FOR RELIEF

215.    WHEREFORE, plaintiff pray for judgment against defendants as follows:

1.    For preliminary and permanent injunctive relief restraining defendants from engaging in the unlawful and unconstitutional actions complained of above;

2.    For preliminary and permanent injunctive relief requiring defendants to seal and destroy all fraud records derived from these matters, including all fingerprints, photographs, identification and descriptive information, and all biological samples and information obtained from such biological samples collected from the plaintiff;

3.    For entry of an order that disclosure be made in writing to plaintiff and the Court as to all entities and agencies to which such material has been disseminated and by whom gathered; and that all records disseminated be collected and sealed, including all copies of such disseminated records that may have been subject to dissemination by others;

4.    For entry of an order declaring the matter against Plaintiff null and void;

5.    For a declaratory judgment that defendants' conduct complained of herein violated plaintiffs' rights under the Constitution and laws of the United States and California;

6.    For past, present and future compensatory, consequential and general damages, including but not limited to, pain, suffering, permanent disfigurement and/or emotional distress to be determined according to proof;

7.    For past, present and future special damages, including, but not limited to, medical expenses, lost wages, damage to career and/or other out of pocket losses to be determined according to proof;

8.    For a temporary restraining order, preliminary injunction, and permanent

injunction, all enjoining Defendants, and each of them, and their agents, employees, and all persons acting in concert with them from harassments, intimidations, threatenings, and the like upon the Plaintiffs, and any illegal activity without the full supervision and authorization of the court and legitimate law enforcement officers and the permission of the court, with the exception of emergency, and, or, requested services by Plaintiff;

9.    For exemplary and punitive damages against the individual defendants, and/or each of them, to be determined according to proof;

10.    For statutory damages and exemplary damages pursuant to Cal. Civil Code §§ 52 and 52.1, to be determined according to proof, and for a $25,000 civil penalty per violation pursuant to Cal. Civil Code § 52;

11.    For pre- and post-judgment interest as permitted by law;

12.    For attorneys' fees pursuant to 42 U.S.C. § 1988 and Cal. Civil Code §§ 52 and 52.1, and/or other authorities, to be determined according to proof;

13.    For costs of suit;

14.    For such other and further relief as the Court may deem just and proper, and any other appropriate relief at law and equity.

### XXVIII.    DEMAND FOR JURY TRIAL

216.    Pursuant to Rule 38(b), Federal Rules of Civil Procedure and Rule 3-6, Local Rules, United States District Court, Northern District of California, plaintiffs demand trial by jury for all the issues plead herein so triable.

Respectfully submitted,

Dated:  May 24, A.D. 2017

By: _____

J. ROE

Pro Se for Plaintiff

J ROE | PRO SE

TITLE OF DOCUMENT: <u>CIVIL RIGHTS COMPLAINT</u>   CASE NO.: _____
PAGE NO. _28_ OF _28_